IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:17-CV-143-D

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>LOCKLEAR'S PERSONAL PROPERTY,<br>SPECIFICALLY DESCRIBED AS:<br>A 2000 CHEVROLET SILVERADO,<br>VIN: 2GCEK13M981236229;<br>A 2016 FORD F-250 TRUCK,<br>VIN: 1FT7W2BT2GED44572;<br>AND ANY AND ALL ATTACHMENTS<br>THEREON,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING PETITION FOR REMISSION OR MITIGATION
## ON BEHALF OF FORD MOTOR CREDIT COMPANY LLC

THIS MATTER is before the Court on the Petition For Remission Or Mitigation (the "Petition") filed herein on behalf of Ford Motor Credit Company LLC ("Petitioner"), through counsel, pursuant to Fed. R. Crim. P. 32.2(c), with regard to the following property (the "Subject Property"):

**One 2016 Ford F-250 truck, bearing VIN #1FT7W2BT2GED44572, registered to Brandon Darris Locklear, seized during the course of the investigation detailed in this action.**

Having reviewed the Petition and the record in this case, the Court finds as follows:

1. On or about June 16, 2016, Petitioner provided financing in the amount of $40,071.67 for Brandon Darris Locklear (hereafter the "Customer") to purchase the above-described Ford F-250 truck (hereafter the "Vehicle").

2. The Certificate of Title on the Subject Property reflects that Petitioner is the first and only lienholder.

3. Defendant has or had a legal ownership in the subject property that is subject to forfeiture under the applicable statute, except as to Petitioner's interest is recognized as identified herein.

4. Any violations of applicable criminal statutes involving the subject property occurred without the knowledge and consent of Petitioner.

5. The Vehicle is a depreciating asset whose condition deteriorates relatively quickly when not in use.

6. The Government is incurring on-going daily costs to store and protect the Vehicle pending its disposition in this action.

BASED ON SUCH FINDINGS OF FACT, the Court concludes that it is in the Government's best interest to have the Vehicle liquidated by the Petitioner as soon as possible in order to capture the maximum potential recovery for the Government after payment of the remaining amounts to Petitioner under its finance contract for the Vehicle.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Vehicle shall be immediately released and turned over to Petitioner, or its authorized recovery agent.

2. Petitioner is hereby directed to forthwith sell the Vehicle in accordance with the terms of its finance contract and Article 9 of Chapter 25 of the North Carolina General Statutes.

3. Petitioner is hereby directed to apply all proceeds received from such sale of the Vehicle to (i) the reasonable and necessary costs of sale; and (ii) the then remaining balance due under Petitioner's finance contract for the Vehicle, including unpaid principal,

continuing interest accrual at the contract rate of .90% per annum to the date of sale, and any applicable late fees or other charges then due under the finance contract.

4. Petitioner is hereby directed to, within 10 days of the sale of the Vehicle, file an accounting with the Court detailing Petitioner's application of the sales proceeds as set forth above and contemporaneously therewith tender any excess proceeds to the Clerk of Court for disposition by further order of the Court.

5 Each party shall bear its own costs with respect to this matter, including attorneys' fees.

6. Petitioner is hereby excused from further participation in this action.

SO ORDERED. This **13** day of November 2017.

JAMES C. DEVER III
Chief United States District Judge